**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED MOTIUR RAHMAN, | No.   15-70747 |
| Petitioner, | Agency No. A202-098-177 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022**

Before:     FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Mohammed Motiur Rahman, a native and citizen of Bangladesh, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

To overturn an adverse credibility determination, we must find that the evidence not only supports a contrary conclusion but compels it. *Ming Dai v. Garland*, 9 F.4th 1142, 1145 (9th Cir. 2021). The substantial evidence supporting the agency's determination in this case includes the inconsistencies between Rahman's testimony and the documents he submitted concerning his role in his political party. In the absence of credible testimony, Rahman's claims for asylum and withholding of removal fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Rahman's claim for CAT protection because it was based on the same evidence that the agency found not credible, and Rahman does not point to other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Bangladesh. *See Shrestha*, 590 F.3d at 1048-49.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**